MILLS SADAT DOWLAT LLP
Arash Sadat (SBN 279282)
Camron Dowlatshahi (SBN 308618)
Julian Feldbein-Vinderman (SBN 307838)
515 South Flower Street, Suite 1000
Los Angeles, CA 90071
Telephone: (213) 613-9434
Email: arash@msdlawyers.com
Email: camron@msdlawyers.com
Email:julian@msdlawyers.com

Attorneys for Plaintiff
Steven Navarro and the Putative Class

Michael J. Nader
Michael.nader@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
500 Capitol Mall, Suite 2500
Sacramento, CA 95814
Tel: 916-840-3150
Fax: 916-840-3159

Attorneys for Defendant
W.W. Grainger, Inc.

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

STEVEN NAVARRO, individually, and on behalf of other members of the general public similarly situated,

Plaintiff,

v.

W.W. GRAINGER, INC., an Illinois corporation; and DOES 1 to 10, inclusive,

Defendants.

Case No.: 4:25-cv-08230-JST
Assigned to: Hon. Jon S. Tigar

**STIPULATION AND ~~[PROPOSED]~~ ORDER TO REMAND ACTION TO THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF CONTRA COSTA**

Complaint Filed: August 21, 2025
Removal Date: September 26, 2025

Pursuant to Northern District of California Civil Local Rule 7-12, Plaintiff Steven Navarro ("Plaintiff") and Defendant W.W. Grainger, Inc. ("Defendant") (together, the "Parties"), through their respective counsel of record, hereby stipulate as follows:

WHEREAS, on August 21, 2025, Plaintiff filed his putative class action and PAGA Complaint in the Superior Court of the State of California, County of Contra Costa, Case No. C25-02397, and served the Complaint on Defendant on August 27, 2025;

WHEREAS, on September 26, 2025, Defendant removed this action to the Northern District of California under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d);

WHEREAS, Plaintiff Alexis Jackson's related putative class action against Defendant, Grainger Corporate Services LLC, and Grainger International, Inc. is also pending in this Court as *Jackson v. W.W. Grainger, Inc., et al.*, Case No. 4:26-cv-03057-JST (the "Jackson Action");

WHEREAS, on August 27, 2026, the Parties and Plaintiff Jackson participated in a mediation and reached an agreement to settle the claims alleged in this action and the Jackson Action;

WHEREAS, pursuant to the Parties' agreement, Plaintiff will file a consolidated amended complaint in the Superior Court of the State of California, County of Contra Costa, and the Parties will seek approval of their settlement in that court;

WHEREAS, remand of this action is the Parties' agreed means of implementing the Parties' agreement, and nothing in this Stipulation modifies, amends, or waives any provision of that agreement;

WHEREAS, pursuant to the Parties' agreement, Plaintiff Jackson's claims will be asserted in the consolidated amended complaint and, following its filing, the Jackson Action will be dismissed without prejudice;

WHEREAS, on October 12, 2026, the Parties notified the Court that they had agreed to settle this action on a class-wide basis and were negotiating a long-form settlement agreement, and on October 15, 2026, the Court extended the stay of this action until January 15, 2027 [Dkt. No. 48];

WHEREAS, remand of this action will allow Plaintiff to file the consolidated amended complaint in Case No. C25-02397 and allow the Parties to present the global settlement to a single court for approval; and

WHEREAS, Defendant consents to remand of this action solely to facilitate the settlement, and the Parties enter into this stipulation for settlement purposes only, without admission or waiver as set forth below.

**NOW, THEREFORE, IT IS HEREBY STIPULATED** by and between the Parties, through their respective counsel and subject to the approval of the Court, that:

1. This action shall be remanded to the Superior Court of the State of California, County of Contra Costa, Case No. C25-02397;

2. Following remand, Plaintiff shall file the mutually agreed consolidated amended complaint contemplated by the Parties' agreement in the Superior Court of the State of California, County of Contra Costa, naming the defendants identified in the Parties' agreement;

3. Promptly following the filing of the consolidated amended complaint, Plaintiff Jackson shall dismiss the Jackson Action without prejudice, as contemplated by the Parties' agreement;

4. All pending dates and deadlines in this action, including the January 15, 2027 deadline set by the Court's October 15, 2026 Order [Dkt. No. 48], shall be vacated;

5. Each Party shall bear its own attorneys' fees and costs incurred in connection with the removal of this action and the remand of this action, except as otherwise provided in the Parties' settlement agreement;

6. Defendant's consent to remand is solely to facilitate the Parties' settlement and shall not constitute an admission or waiver concerning subject-matter jurisdiction, removability, class certification, representative treatment or manageability, liability, or the merits of any claim or defense, and this Stipulation shall not be admissible in any other proceeding except to enforce the Parties' agreement; and

7. If the settlement is not approved or does not become effective, or is terminated in accordance with its terms, the Parties reserve all rights, claims, and defenses, and this stipulation

shall not be construed as an admission by Defendant that class certification or representative treatment is appropriate. Without limiting the foregoing, nothing in this Stipulation, including Defendant's consent to remand, shall constitute a waiver of any right, claim, defense, jurisdictional position, or procedural right existing immediately before execution of the Parties' agreement, including the right to remove any action or pleading, and Defendant's consent to remand shall not be asserted against Defendant in opposition to any such removal or position. The Parties intend that, to the fullest extent legally permissible, they will be restored to their respective positions as of the date the Parties' agreement was executed.

IT IS SO STIPULATED.

Dated: November 19, 2026

MILLS SADAT DOWLAT LLP

By: */s/ Julian Feldbein-Vinderman*
Julian Feldbein-Vinderman

Attorneys for Plaintiff
Steven Navarro and the Putative Class

Dated: November 19, 2026

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Michael J. Nader*
Michael J. Nader

Attorneys for Defendant
W.W. Grainger, Inc.

**~~[PROPOSED]~~ ORDER**

The Court, having considered the Parties' Stipulation to Remand Action to the Superior Court of the State of California, County of Contra Costa, and good cause appearing, ORDERS as follows:

1. This action is REMANDED to the Superior Court of the State of California, County of Contra Costa, Case No. C25-02397.

2. All pending dates and deadlines in this action, including the January 15, 2027 deadline set by the Court's October 15, 2026 Order [Dkt. No. 48], are VACATED.

3. Each Party shall bear its own attorneys' fees and costs incurred in connection with the removal of this action and the remand of this action, except as otherwise provided in the Parties' settlement agreement.

4. Defendant's consent to remand is solely to facilitate the Parties' settlement and does not constitute an admission or waiver as set forth in the Stipulation.

5. The Clerk shall transmit a certified copy of this Order to the Clerk of the Superior Court of the State of California, County of Contra Costa, and close the file.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: November 23, 2026

Hon. Jon S. Tigar
United States District Judge